IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURPHY BROTHERS CARNIVAL EQUIPMENT, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CORPORATION FOR INTERNATIONAL BUSINESS, an Illinois Corporation, <br><br> Defendant. | ) ) ) ) ) Case No.  FILED: JULY 19, 2008 <br> )              08 cv 4105 <br> )              JUDGE PALLMEYER <br> ) Judge:   MAGISTRATE JUDGE COLE <br> )              JH <br> ) Magistrate Judge: <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Murphy Brothers Carnival Equipment, LLC, ("Murphy Brothers"), by and through its counsel of record, hereby complaints against the Defendant, Corporation for International Business ("CIB") and states as follows:

### PARTIES

1. Plaintiff Murphy Brothers is a Delaware Limited Liability Company with its principal place of business in Tulsa, Oklahoma.

2. Defendant CIB is an Illinois Corporation with its principal place of business in Barrington, Illinois.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between the parties. The Plaintiff is a Delaware Limited Liability Corporation and each of its members are citizens of states other than Illinois while the Defendant is an Illinois corporation with its principle place of business located in Illinois.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that Defendant resides in the State of Illinois, may be served with process in the Northern District of Illinois, and a substantial part of the events giving rise to this action occurred in this jurisdiction.

### FACTUAL ALLEGATIONS

5.     The defendant CIB holds itself out as an experienced Carnet service provider. A Carnet or ATA Carnet is an international customs document issued by 70 countries, including China and the United States. It is presented when entering a Carnet country with merchandise or equipment that will be re-exported within a specific time period. Upon presentation, the Carnet permits the equipment or merchandise to clear customs without the payment of duties and taxes.

6.     As an experienced Carnet provider, CIB represents to the public in general and represented to Murphy Brothers in particular, that "ATA Carnets" obtained through CIB allows merchandise to clear customs "duty free", "tax free" and "hassle free"

7.     In reliance on CIB's expertise and experience as an ATA Carnet service provider, Murphy Brothers engaged CIB in or about May 2005 to provide it with appropriate ATA Carnets to allow Murphy Brothers to import and export to and from China certain carnival equipment owned by plaintiff. (the "China Carnival Equipment")

8.     Murphy Brothers specifically hired CIB to provide it with ATA Carnets that would allow Murthy Brothers to temporarily export the China Carnival Equipment from the United States and into China, in order to avoid paying import duties and taxes to the government of China, and otherwise comply with the administrative obligations of "Chinese Customs."

9.     CIB had knowledge of the specific China Carnival Equipment to be shipped to China, and had knowledge that the equipment would be used for the purposes of putting on for-profit

carnival shows in China when it provided the ATA Carnets.

10. CIB provided three Carnets for the China Carnival Equipment to Murphy Brothers for the purpose of allowing duty free, tax free and hassle free importation of the China Carnival Equipment by Murphy Brothers into, and out of, China.

11. Murphy Brothers presented the ATA Carnets provided by CIB for the China Carnival Equipment to customs officials in China but were not able to successfully use the ATA Carnets for the duty free, tax free and hassle free importation or exportation of the China Carnival Equipment notwithstanding CIB's express representations.

12. Despite numerous attempts to utilize the ATA Carnets issued by CIB, by or about September 2005, Murphy Brothers determined that further efforts to utilize the ATA Carnets issued by CIB were futile and the ATA Carnets could not be used to import the China Carnival Equipment into China duty free, tax free, and hassle free as intended or to otherwise comply with the administrative obligations of Chinese Customs.

13. Murphy Brothers was never able to use the ATA Carnets for the China Carnival Equipment for their intended purposes.

## COUNT I
### BREACH OF CONTRACT

1-13. Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14. Murphy Brothers and CIB entered into an Agreement for CIB to provide ATA Carnets to Murphy Brothers for use in connection with the importation of the China Carnival Equipment into China.

15. Murphy Brothers performed all of its obligations under the Agreement.

16. CIB breached its obligations under the Agreement by failing to provide the correct Carnets or other customs documents to allow the China Carnival Equipment to enter China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

17. As a direct and proximate result of CIB's breach of the Agreement, Murphy Brothers has suffered actual damages in that it had to pay CIB costs and fees for useless documents.

18. Additionally, Murphy Brothers suffered foreseeable consequential damages in that it incurred unnecessary custom and duty fees, suffered lost profits, incurred travel expenses, legal fees, agent/broker fees, bond costs, storage costs, shipping costs, delay, damages, fees and associated expenses, payroll costs, and lost income and revenue all in excess of $150,000

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count I in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, in an amount in excess of $150,00 or such other amount that is justified by the proof, and to award it applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT II
### BREACH OF EXPRESS WARRANTIES

1-13. Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14. CIB expressly represented that the ATA Carnets provided to Murphy Brothers by CIB for the China Carnival Equipment would allow for importing the China Carnival Equipment into China duty free, tax free and hassle free or would otherwise comply with the administrative

obligations of Chinese Customs.

15. The affirmations and promises by CIB of the characteristics that formed the basis of the bargain for the ATA Carnets constitute express warranties under the Uniform Commercial Code, including Illinois Uniform Commercial Code 810 ILCS 5/2-313.

16. CIB breached the express warranties by providing ATA Carnets to Murphy Brothers that did not allow for the importation of the China Carnival Equipment into China duty free, tax free, hassle free, or otherwise did not comply with the administrative obligations of Chinese Customs, and Murphy Brothers was unable to use the ATA Carnets for those purposes.

17. As a direct and proximate result of CIB's breach of the Express Warranties relative to the ATA Carnets, Murphy Brothers was damaged.

18. Murphy Brothers is entitled to recover damages as a direct result of CIB's breach of the express warranties, which include, but are not limited to, the costs of substitute goods, the costs of delay, and consequential damages, all pursuant to the Uniform Commercial Code and 810 ILCS 5/2-712, 714 and 715.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count II in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, for its reasonable damages incurred as a result of CIB's breach of the express warranties, including applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT III
### BREACH OF IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE

1-13. Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1

through 13 above as if set forth in full herein.

14. ATA Carnets provided by CIB are international customs documents, *i.e.*, "goods," that facilitate temporary, duty-free, and tax-free importation of, *inter alia*, equipment into foreign countries.

15. CIB provided the ATA Carnets to Murphy Brothers for the China Carnival Equipment with the knowledge that were intended to be used for the purpose of importing the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs in order for Murphy Brothers to earn income in China on a "for profit" basis.

16. CIB knew that Murphy Brothers was relying on CIB's skills to provide suitable documents, *i.e.*, ATA Carnets, that would operate as intended and warranted to allow for the importation of the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

17. The ATA Carnets provided by CIB were not fit for their intended purpose of allowing the duty free, tax free, and hassle free importation of the China Carnival Equipment into China and to otherwise comply with the administrative obligations of Chinese Customs.

18. The ATA Carnets provided by CIB were expressly or impliedly represented by CIB to be fit for the particular purpose of importing the China Carnival Equipment into China duty free, tax free, and hassle free importation of the China Carnival Equipment into China and "to otherwise comply with the administrative obligations of 'Chinese Customs.'"

19. As a direct and proximate result of CIB's breach of these implied warranties of fitness for a particular purpose, Murphy Brothers suffered both actual and consequential damages.

20. Murphy Brothers is entitled to recover damages as a direct result of CIB's breach of the express warranties for its damages, which include the costs of substitute goods, the cost of delay, and consequential damages pursuant to the Uniform Commercial Code and 810 ILCS 5/2-712, 714 and 715.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count III in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, for its reasonable damages incurred as a result of CIB's breach of implied warranties of fitness for a particular purpose, including applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

1-13. Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13. above as if set forth in full herein.

14. ATA Carnets provided by CIB are international customs documents, *i.e.*, "goods," that facilitate temporary, duty-free, and tax-free importation of, *inter alia*, professional equipment into foreign countries.

15. CIB provided ATA Carnets to Murphy Brothers for the China Carnival Equipment for the specific purpose of importing the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs in order for Murphy Brothers to earn income in China on a "for profit" basis.

16. CIB is in the business of providing ATA Carnets to businesses such as Murphy Brothers and is a merchant of international customs documents.

17.  The ATA Carnets provided by CIB were not made in such a manner to allow for temporary importation of the China Carnival Equipment duty free, tax free, hassle free, and otherwise did not comply with the administrative obligations of Chinese Customs, thus, the ATA Carnets were unfit for these ordinary purposes.

18.  As a direct and proximate result of CIB's breach of these implied warranties of merchantability, Murphy Brothers was damaged.

19.  Murphy Brothers is entitled to recover damages as a direct result of CIB's breach of the implied warranty of merchantability for its damages, which include the cost for substitute goods, the cost of delay, and consequential damages, all pursuant to the Uniform Commercial Code and 810 ILCS 5/2-712, 714 and 715.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count VI in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, for its reasonable damages incurred as a result of CIB's breach of the implied warranties of merchantability, including applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT V
## NEGLIGENCE

1-13.  Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14.  CIB provided ATA Carnets to Murphy Brothers for the China Carnival Equipment for the purpose of importing the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs in order for

Murphy Brothers to earn income in China on a "for profit" basis.

15. CIB, is in the business of providing advice and documentation for importing and exporting merchandise to foreign countries and held itself out as being skilled and experienced in obtaining appropriate ATA Carnets. As a result of its expressed expertise, and the contractual relationship between CIB and Murphy, CIB owed Murphy Brothers a duty to perform those obligations free from negligence.

16. CIB breached its obligations to Murphy Brothers and was negligent by failing to procure, issue, or have issued, the appropriate ATA Carnets to allow Murphy Brothers to import the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

17. The ATA Carnets failed to allow Murphy Brothers to import the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

18. As a direct and proximate result of CIB's breach of the Agreement, Murphy Brothers has suffered actual damages in that it had to pay CIB costs and fees for useless documents.

19. Additionally, Murphy Brothers suffered foreseeable consequential damages in that it incurred unnecessary custom and duty fees, suffered lost profits, incurred travel expenses, legal fees, agent/broker fees, bond costs, storage costs, shipping costs, delay, damages, fees and associated expenses, payroll costs, and lost income and revenue all in excess of $150,000.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count V in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, in an amount in excess of $150,00 or such other amount that

is justified by the proof, and to award it applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

1-13.   Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14.   CIB provided ATA Carnets to Murphy Brothers for the China Carnival Equipment for the purpose of importing the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs in order for Murphy Brothers to earn income in China on a "for profit" basis.

15.   CIB, as a result of the contractual relationship between CIB and Murphy, owed Murphy Brothers a duty to perform those obligations free from negligence, including the obligation not to make misrepresentations to Murphy Brothers regarding the ATA Carnet documents.

16.   CIB represented to Murphy Brothers that the ATA Carnets that it obtained, procured, issued, or had issued, would allow Murphy Brothers to import the China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

17.   Even after the first ATA Carnet was presented in Shanghai in or about June 2005, and refused by Chinese Customs, CIB continued to assure Murphy Brothers that the Carnets would work for their intended purpose and Murphy Brothers relief on CIB representations and assurances.

18.   The representations and assurances by CIB were false in that the ATA Carnets were never accepted by any Chinese Custom officials and did not allow Murphy Brothers to import the

China Carnival Equipment into China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs.

19.   CIB knew, or should have known, that these representations were false.

20.   Murphy Brothers was entitled to rely on the representations made by CIB.

21.   Murphy relied on the representations made by CIB and was thereby damaged.

22.   As a direct and proximate result of CIB's breach of the Agreement, Murphy Brothers has suffered actual damages in that it had to pay CIB costs and fees for useless documents.

23.   Additionally, Murphy Brothers suffered foreseeable consequential damages in that it incurred unnecessary custom and duty fees, suffered lost profits, incurred travel expenses, legal fees, agent/broker fees, bond costs, storage costs, shipping costs, delay, damages, fees and associated expenses, payroll costs, and lost income and revenue all in excess of $150,000

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count VI in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, and to award it an amount in excess of $150,00 or such other amount that is justified by the proof, and to award it applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT VII
### BREACH OF CONTRACT

1-13.   Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14.   Murphy Brothers and CIB entered into an Agreement in late 2007 for CIB to provide assistance to Murphy Brothers in its efforts to clear United States Customs in Houston, Texas when

the China Carnival Equipment re-entered the United States.

15. Murphy Brothers performed all of its obligations under the Agreement.

16. CIB breached its obligations under the Agreement by failing to use the correct value of the China Carnival Equipment on the Entry Form with United States Customs filed by the broker, resulting in additional damages, charges and assessments being incurred by Murphy Brothers.

17. As a direct and proximate result of the breaches of the Agreement by CIB, Murphy Brothers has been damaged in an amount not yet determined, but believed to be in excess of $8,000.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count VII in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, for its reasonable damages incurred as a result of CIB's breach of the Agreement, including applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

## COUNT VIII
## NEGLIGENCE

1-13. Murphy Brothers restates and re-alleges the allegations contained in paragraphs 1 through 13 above as if set forth in full herein.

14. Murphy Brothers and CIB entered into an Agreement in late 2007 for CIB to provide assistance to Murphy Brothers in its efforts to clear United States Customs in Houston, Texas when the China Carnival Equipment re-entered the United States.

15. Murphy Brothers performed all of its obligations under the Agreement.

16. CIB breached its obligations under the Agreement by failing to use the correct value of the China Carnival Equipment on the Entry Form with United States Customs filed by the broker, resulting in additional damages, charges and assessments being incurred by Murphy Brothers.

17. As a direct and proximate result of the breaches of the Agreement by CIB, Murphy

Brothers has been damaged in an amount not yet determined, but believed to be in excess of $10,000.

WHEREFORE, Plaintiff Murphy Brothers prays that the Court enter judgment on Count VIII in favor of the Plaintiff, Murphy Brothers Carnival Equipment, LLC and against the Defendant, Corporation for International Business, for its reasonable damages incurred as a result of CIB's negligence, including applicable interest and available attorney's fees, for its costs incurred herein, and for such other and further relief as the Court deems fair, just and equitable under the circumstances.

MURPHY BROTHERS CARNIVAL
EQUIPMENT, LLC


By:/s/ Marshall J. Burt
      Its attorneys


Marshall J. Burt, Esq. #6198381
Law Offices of Marshall J. Burt
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com