UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURPHY BROTHERS CARNIVAL EQUIPMENT, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 4105 ) |
| CORPORATION FOR INTERNATIONAL BUSINESS, an Illinois Corporation, | ) Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Murphy Brothers Carnival Equipment, LLC, engaged Defendant, Corporation for International Business ("CIB"), to provide it with international customs documents called ATA Carnets. A carnet, sometimes called a "merchandise passport," is a customs document that allows the temporary export of an item into another country. An ATA Carnet—"ATA" stands for the combined French and English words "Admission Temporaire-Temporary Admission"—is a carnet that has been issued based on an international treaty meant to streamline the import process for goods that will be in the destination country for a limited time only. More than 70 countries are parties to the treaty, including, as relevant to this case, China and the United States. Murphy Brothers attempted to use the carnets provided by CIB to transport carnival equipment into and out of China for the purpose of putting on for-profit carnivals. Murphy Brothers filed this lawsuit alleging, without detail, that the documents did not work as expected, and, as a result, it suffered losses, including the amounts it paid for the documents, customs fees, lost profits, and storage costs. The court's jurisdiction is secure: Murphy Brothers is a limited liability corporation organized in Delaware whose members are citizens of states other than Illinois, CIB is incorporated in Illinois and has its principal place of business here, and the amount in controversy exceeds $75,000. In its eight-count complaint, Murphy Brothers charges CIB with breach of contract, breach of warranty,

and tort claims.  CIB has moved to dismiss for failure to state a claim or, in the alternative, asks the court to abstain from proceeding pursuant to the *Colorado River* doctrine.  For the following reasons, the motion is granted.

**FACTUAL BACKGROUND**

The following facts are drawn from Murphy Brothers' Complaint and presumed to be true for the purposes of this motion.  CIB, which holds itself out as an experienced carnet provider, represented to Murphy Brothers that it could provide carnets that would lawfully ease the customs process, allowing merchandise to clear customs "duty free," "tax free," and "hassle free."[1]  (Compl. ¶ 6-7.)  In or about May 2005, Murphy Brothers engaged CIB to provide carnets that would allow CIB to bring carnival equipment into and later out of China.  (*Id.* ¶ 8.)  Murphy Brothers alleges that CIB knew that Murphy Brothers wanted the carnets for the carnival equipment, which Murphy Brothers intended to use in putting on for-profit carnivals in China.  (*Id.* ¶ 9.)  Murphy Brothers attempted to use the carnets with Chinese customs officials, but was unsuccessful for reasons not identified in the complaint.  (*Id.* ¶ 11.)  Murphy Brothers also had some unexplained difficulty clearing United States customs.  (*Id.*, Count VII, ¶ 16.)  In or about September 2005, after numerous attempts to use the carnets, Murphy Brothers determined that further attempts would be futile and stopped trying.  (*Id.* ¶ 12.)  Murphy Brothers was never able to use the carnets for their intended purpose.  (*Id.* ¶ 13.)

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the plaintiff must provide enough facts "to

---

[1] As CIB points out, this representation seems to be based on text prominently displayed on CIB's website.  CORPORATION FOR INTERNATIONAL BUSINESS | ATA CARNET, http://www.atacarnet.com/ (last visited Sept. 18, 2009).

raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Brooks v. Ross,* No. 08-4286, ___ F.3d ___, 2009 WL 2535731, at *5 (7th Cir. Aug 20, 2009).

**A.     Breach of Contract (Counts I and VII)**

Murphy Brothers' complaint includes two claims for breach of contract, one regarding its difficulties transporting the equipment into China (Count I) and one regarding its difficulties transporting the equipment back into the United States. (Count VII). To state a claim under Illinois law for breach of contract, a plaintiff must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *TAS Distributing Co. v. Cummins Engine Co.,* 491 F.3d 625, 631 (7th Cir. 2007) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 759, 814 N.E. 2d 960, 967 (1st Dist. 2004)).

In Count I, Murphy Brothers alleges that it entered into an agreement with CIB in which CIB agreed to "provide ATA Carnets to Murphy Brothers for use in connection with the importation of the China Carnival Equipment into China," (Compl., Count I, ¶ 14), and that CIB breached the agreement by "failing to provide the correct Carnets or other customs documents to allow the China Carnival Equipment to enter China duty free, tax free, and hassle free or to otherwise comply with the administrative obligations of Chinese Customs." (*Id.*, Count I, ¶ 16.) CIB argues that Murphy Brothers' allegation does not state a claim for breach of contract because Murphy Brothers did receive the carnets and, therefore, CIB did not breach the contract. (Mot. to Dismiss, at 6.) This argument misses the thrust of Murphy Brothers' contract claim. Murphy Brothers' allegation is not that CIB failed to provide the carnets at all; its allegation is that CIB failed to provide the *correct* carnets. Thus, Murphy Brothers' claim does allege the third element of a cause of action for breach

3

of contract. Its allegations on that element and on the fourth element of the claim are nevertheless, in the court's view, insufficient to give CIB "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). All the complaint asserts is that CIB breached the contract by providing the wrong documents and that Murphy Brothers suffered damages as a "direct and proximate result of CIB's breach." (*Id.*, Count I, ¶ 17.) The Defendant–not to mention the court–is left to guess at what specific error Murphy Brothers believes that CIB made in providing the documents, what specific difficulty Murphy Brothers had in trying to import the equipment, and, most importantly, how the two are related. Accordingly, Count I is dismissed without prejudice.

In Count VII, Murphy Brothers alleges that its agreement with CIB included a promise by CIB to "provide assistance to Murphy Brothers in its efforts to clear United States Customs in Houston, Texas when the China Carnival Equipment re-entered the United States," (Compl., Count VII, ¶ 14), and that CIB breached that promise by "failing to use the correct value of the China Carnival Equipment on the Entry Form with United States Customs filed by the broker." (*Id.*, Count VII, ¶ 16.) As a result, Murphy Brothers was subjected to "damages, charges[,] and assessments." (*Id.*) In contrast to Count I, this breach-of-contract count provides the necessary specifics regarding *how* Murphy Brothers believes that CIB breached the contract. But, just like Count I, it does not provide the necessary specifics with regard to what harm Murphy Brothers suffered and how that harm is related to the breach. *Brooks*, 2009 WL 2535731, at *5 ("sketchy" factual allegations "fail to provide sufficient notice to defendants of the plaintiff's claim"). The court also notes a potential problem with Murphy Brothers' failure to allege that providing the correct value of the equipment was CIB's responsibility.[2] *See W.W. Vincent & Co.*, 351 Ill. App. 3d at 759, 814 N.E. 2d at 967 ("Only a duty

---

[2] CIB suggests that the convention governing ATA Carnets, A.T.A. Carnet for the Temporary Admission of Goods, May 3, 1967, 20 U.S.T. 58, 473 U.N.T.S. 219, places that responsibility on Murphy Brothers.

(continued...)

4

imposed by the terms of a contract can give rise to a breach."). Accordingly, Count VII is dismissed without prejudice.

**B.     Breach of Warranties (Counts II, III, and IV)**

Murphy Brothers also asserts three warranty claims: breach of express warranties (Count II), breach of implied warranties of fitness for a particular purpose (Count III), and breach of implied warranty of merchantability (Count IV). The parties agree that liability on any warranty claim is possible only if the carnets are properly considered "goods" under the Uniform Commercial Code. (Mot. to Dismiss, at 7; Plaintiff's Response, at 6-9.) The UCC defines goods as "all things, including specially manufactured goods, which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." 810 ILCS § 5/2-105. CIB argues that carnets are not "goods" because they are merely the tangible representation of an intangible privilege—that is, the privilege of temporarily bringing items into a foreign country. (Mot. to Dismiss, at 7-8.) Murphy Brothers insists that the carnets are indeed "goods" because they were movable at the time of contracting and because they were "specially manufactured" for Murphy Brothers. (Plaintiff's Response, at 7.) The court is less certain. First, it is a stretch to say that a customs document was "manufactured." More importantly, though, whether the documents themselves were movable is not relevant because the documents were not the primary subject of the transaction; the right to temporarily import goods was the subject of the transaction. Because that right is intangible, that is, not movable, the contract is not governed by the UCC. *Fink v. DeClassis*, 745 F. Supp. 509, 516 (N.D. Ill. 1990) (purchase of a business whose predominant value is its intangible assets is not governed by UCC); *cf. Jannusch v. Naffziger*, 379 Ill. App.3d 381, 384-85, 883 N.E.2d 711, 714-15 (4th Dist. 2008) (purchase of a business was predominatly one for the sale of goods; hence, UCC governed). Accordingly, Counts

---

[2](...continued)

II, III, and IV are dismissed with prejudice.

**C.     Negligence and Negligent Misrepresentation (Counts V, VI, and VIII)**

Next, Murphy Brothers alleges, in Counts V and VIII, that CIB acted negligently and in Count VI, that CIB's promises that the carnets would serve their intended purpose constitutes negligent misrepresentation. CIB responds that under the "economic loss" doctrine, adopted by the Illinois Supreme Court in *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (1982), a plaintiff cannot recover in negligence for losses that are purely economic. (Mot. to Dismiss, at 11.) In other words, tort law does not provide a remedy for the breach of a duty arising out of a contract. *American United Logistics, Inc. v. Camelus Development Corp.*, 319 F.3d 921, 926 (7th Cir. 2003). Because Murphy Brothers does not argue that its pure negligence claims, Counts V and VIII, refer to anything other than damages from the breach of a contract, those claims are dismissed with prejudice.

Murphy Brothers' remaining negligence claim, Count VI, is for negligent misrepresentation, for which there is a limited exception to the "economic loss" doctrine. The exception applies if the defendant "'is in the business of supplying information for the guidance of others in their business transactions.'" *Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, 487 F.3d 1061, 1063-64 (7th Cir. 2007) *(quoting Brogan v. Mitchell Int'l*, 181 Ill. 2d 178, 184, 692 N.E.2d 276, 278 (1998)). Murphy Brothers' complaint alleges exactly that. (Compl., Count V, ¶ 15.) CIB contests the allegation, (Mot. to Dismiss, at 11-12), but the court is ruling on a motion to dismiss and, therefore, must take it as true. *See Rankow v. First Chicago Corp.,* 870 F.2d 356, 359 n.3 (7th Cir. 1989) (whether the exception applies "requires a more thorough examination of the facts than can be performed on the pleadings alone"); *see also ABN AMRO, Inc. v. Capital Intern. Ltd.*, 595 F. Supp.2d 805, 851-54 (N.D. Ill. 2008). Murphy Brothers' allegations are, thus, sufficient to allege that the exception applies. The court nevertheless concludes that Count VI does not survive this motion, as it suffers from the same insufficiency as Counts I and VII. The allegations in support of

Count VI provide almost no detail about the harm Murphy Brothers allegedly suffered or how that harm was connected to the alleged misrepresentation. Accordingly, Count VI is dismissed without prejudice.

**D.     *Colorado River* Abstention**

Finally, CIB argues that, due to a parallel proceeding in state court, the court should dismiss or stay Murphy Brothers' complaint under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  (Mot. to Dismiss, at 13-16.)  Abstention under *Colorado River* is an exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Colorado River*, 424 U.S. at 817.  The court will abstain from exercising jurisdiction only if the state and federal proceedings are truly parallel and exceptional circumstances are present. *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).  In the state proceeding, CIB, as agent for a company engaged in marine transport insurance, sued Murphy Brothers, alleging that Murphy Brothers breached an agreement that was connected to the carnet transaction.  (Mot. to Dismiss, Exh. A.)  Murphy Brothers responds to CIB's argument by contending that the state proceeding has been resolved.  (Plaintiff's Response, at 14-15, Exh. A.)  CIB agrees, but only in part, asserting that one count remains outstanding in the state case.  (Defendant's Reply, at 14.) CIB nevertheless appears to recognize that the one outstanding count requires abstention; rather than relying on the pendency of that single claim, CIB asserts that it is willing to amend its complaint in state court, presumably to provide grounds for abstention by this court.  (*Id.*)  CIB's willingness to amend does not permit the court to abstain, however; the parallel state court litigation must be ongoing, not merely contemplated.  *See Illinois School Dist. Agency v. Pacific Ins. Co.,* 471 F.3d 714, 724 n.4 (7th Cir. 2006).

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Abstain Under the Colorado River Doctrine [12] is granted. Counts I, VI, and VII are dismissed without prejudice and the remaining counts are dismissed with prejudice. Plaintiff has leave to file an amended complaint within 21 days.

ENTER:

Dated: September 28, 2009

_____
REBECCA R. PALLMEYER
United States District Judge